OFFICERS Under the provisions of 51 O.S. 24 [51-24] (1971) and 45 O.S. 33 [45-33] (1971), all books and records of the Chief Mine Inspector pertaining to his office, not otherwise expressly made secret or confidential by statute, are open and available for public inspection for proper purposes, at proper and reasonable times and in a proper manner to any and all interested persons. The Attorney General has considered your request for an opinion wherein you ask the following question: "Under the provisions of 45 O.S. 33 [45-33] and other provisions of Oklahoma law requiring that records and documents of the state must be open to the public for inspection, does the Chief Mine Inspector have the right to withhold from a citizen requesting it, information regarding mining operations, when such information is contained within documents on file with the Office of the Chief Mine Inspector ?" The generally applicable public record statute is found at 51 O.S. 24 [51-24] (1971). This Section provides: "It is hereby made the duty of every public official of the State of Oklahoma, and of its subdivisions, who are required by law to keep public records pertaining to their said offices, to keep the same open for public inspection for proper purposes, at proper times and in proper manner, to the citizens and taxpayers of this State, and its subdivisions, during all business hours of the day; provided, however, the provisions of this act shall not apply to Income Tax Returns filed with the Oklahoma Tax Commission, or other records required by law to be kept secret." (Emphasis added) Under the above-quoted Section 24, supra, the Attorney General has consistently held that in Oklahoma all public records, other than those which have been specifically denominated by the Legislature as confidential or secret, are open to public inspection (9 Okl.Op.A.G. Opinion No. 76-118, issued March 15, 1976). The applicability of this statutory provision to the Office of the Chief Mine Inspector is unquestionable (Refer, Article VI, Section 1, and Section 25, Oklahoma Constitution). The substance of the above-quoted general statutory provision has been made expressly applicable to the Chief Mine Inspector's office pursuant to the provisions of 45 O.S. 33 [45-33] (1971). This Section provides: "The Chief Mine Inspector shall keep in his office a journal or record of all inspections, examinations and work done under his administration, and a copy of all official communications and is hereby authorized to procure, at the expense of the State, such apparatus, instruments and chemicals as may be found necessary for the proper discharge of his duties under this act. The Legislature shall, from time to time, whenever necessary, appropriate such funds as may be necessary for the purchase of such equipment and material. All books, records, apparatus, instruments and chemicals pertaining to his office shall be the property of the State and shall be delivered by him to his successor in office and the same shall be exhibited to any and all interested persons at all reasonable times." (Emphasis added) A plain reading of both statutory provisions above quoted reflects that all books and records pertaining to the Chief Mine Inspector's office and required by law to be kept must be made available for public inspection by all interested persons at reasonable times. As noted, the only exception to the public inspection requirement as embodied within these sections is that those records specifically made confidential or secret by statute are not open to public inspection. While your question does not identify the specific records or documents involved and, further, while we are not aware of any Mining Department records declared to be confidential or secret by statute, it should be noted that should confidentiality or privilege be asserted with respect to a particular record or document on file, it would then become necessary to examine the particular item and determine the existence or applicability of any specific statutory provision as may apply thereto. It should be additionally noted that reading the above sections together it may be said that these provisions allow any interested person access to inspection of the subject public records and, further, that, with respect to the prerequisite of a proper purpose, it has been recognized in prior Opinions from this office that it should be the burden of the agency involved to show that a particular use would be improper, rather than requiring the requesting citizen to prove that his use is proper (8 Okl.Op.A.G. 178 Opinion No. 75-218, issued October 21, 1975). It is, therefore, the opinion of the Attorney General that your question be answered as follows. Under the provisions of 51 O.S. 24 [51-24] (1971), and 45 O.S. 33 [45-33] (1971), all books and records of the Chief Mine Inspector pertaining to his office, not otherwise expressly made secret or confidential by statute, are open and available for public inspection for proper purposes, at proper and reasonable times and in a proper manner to any and all interested persons. (R. THOMAS LAY ** SEE: OPINION NO. 78-209 (1978) ** ** SEE: OPINION NO. 80-207 (1980) **